IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Michels Corporation, | ) | |
|         *Plaintiff,* | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| Central States, Southeast and Southwest Areas Pension Fund, *et al.*, | ) | |
|         *Defendants.* | ) | |
| ──────────────────────────── | ) | |
| Pipe Line Contractors Association, | ) | |
| | ) | Case No. 12-CV-4144 |
|         *Intervening Plaintiff,* | ) | |
|     v. | ) | Judge Norgle |
| | ) | |
| Central States, Southeast and Southwest Areas Pension Fund, *et al.*, | ) | |
| | ) | |
|         *Defendants.* | ) | |
| ──────────────────────────── | ) | |
| Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr., | ) | |
|         *Counterclaim Plaintiffs,* | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| Michels Corporation, | ) | |
| | ) | |
|         *Counterclaim Defendant*, and | ) | |
| | ) | |
| Apex Pipeline Services, Inc., Appalachian Pipeline Contractors, LLP, ARB, Inc., Associated Pipe Line Contractors, Inc., Big Inch Fabricators & Contractors, Inc., Foltz Welding, Ltd., Circle K Pilot Cars, LLC, Dun Transportation & Stringing, Inc., Henkels & McCoy Inc., IndianHead Pipeline Services, LLC, Laney Directional Drilling Co., Latex Construction Co., LeTourneau Products Manufacturing Corp., | ) | |

| | |
|---|---|
| Midwest Underground, Inc., Miller Pipeline, LLC, Minnesota Limited, LLC, Nationwide Pipeline Escorts of America, LLC, Northern Clearing, Inc., Otis Eastern Services, Inc., PE Ben USA, Inc., Precision Pipeline, LLC, Price Gregory International, Inc., Q3 Contracting, Inc., Right-of- Way Clearing & Maintenance, Inc., R.L. Coolsaet Construction Co., Rodenberg Diversified, LLC, Schmid Pipeline Construction, Inc., Southeast Directional Drilling, LLC, Terra Restoration Services, LLC, T.G. Mercer Consulting Services, Inc., U.S. Pipeline, Inc., Welded Construction, LP, Hoover Construction Company, Sheehan Pipe Line Construction Company, and Snelson Companies, Inc.,<br><br>*Additional Counterclaim Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COUNTERCLAIM

**NOW COME** the Defendants/Counterclaim Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund"), and Arthur H. Bunte, Jr., and for their Amended Counterclaim against Plaintiff/Counterclaim Defendant Michels Corporation, and additional Counterclaim Defendants, Apex Pipeline Services, Inc., Appalachian Pipeline Contractors, LLP, ARB, Inc., Associated Pipe Line Contractors, Inc., Big Inch Fabricators & Contractors, Inc., Foltz Welding, Ltd., Circle K Pilot Cars, LLC, Dun Transportation & Stringing, Inc., Henkels & McCoy Inc., IndianHead Pipeline Services, LLC, Laney Directional Drilling Co., Latex Construction Co., LeTourneau Products Manufacturing Corp., Midwest Underground, Inc., Miller Pipeline, LLC, Minnesota Limited, LLC, Nationwide Pipeline Escorts of America, LLC, Northern Clearing, Inc., Otis Eastern Services, Inc., Ben USA, Inc., Precision Pipeline, LLC, Price Gregory International,

2

Inc., Q3 Contracting, Inc., Right- of- Way Clearing & Maintenance, Inc., R.L. Coolsaet Construction Co., Rodenberg Diversified, LLC, Schmid Pipeline Construction, Inc., Southeast Directional Drilling, LLC, Terra Restoration Services, LLC, T.G. Mercer Consulting Services, Inc., U.S. Pipeline, Inc., Welded Construction, LP, Hoover Construction Company, Sheehan Pipe Line Construction Company, and Snelson Companies, Inc. allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Pension Fund by Counterclaim Defendants in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Plaintiff/Counterclaim Defendant Michels Corporation ("Michels") is a corporation organized under the laws of the State of Wisconsin. Michels is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

8. Counterclaim Defendant Apex Pipeline Services, Inc. is a corporation organized under the laws of the State of West Virginia. Apex Pipeline Services, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

9. Counterclaim Defendant Appalachian Pipeline Contractors, LLP, is a limited liability partnership organized under the laws of the State of Tennessee. Appalachian

Pipeline Contractors, LLP is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

10. Counterclaim Defendant ARB, Inc. is a corporation organized under the laws of the State of Pennsylvania. ARB, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

11. Counterclaim Defendant Associated Pipe Line Contractors, Inc. is a corporation organized under the laws of the State of Texas. Associated Pipe Line Contractors, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

12. Counterclaim Defendant Big Inch Fabricators & Contractors, Inc. is a corporation organized under the laws of the State of Indiana. Big Inch Fabricators & Contractors, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

13. Counterclaim Defendant Foltz Welding, Ltd. is a corporation organized under the laws of the State of Illinois. Foltz Welding, Ltd is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

14. Counterclaim Defendant Circle K Pilot Cars, LLC is a limited liability company organized under the laws of the State of Alabama. Circle K Pilot Cars, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

15. Counterclaim Defendant Dun Transportation & Stringing, Inc. is a corporation organized under the laws of the State of Texas. Dun Transportation & Stringing, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

16. Counterclaim Defendant Henkels & McCoy Inc. is a corporation organized under the laws of the State of Pennsylvania. Henkels & McCoy Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

17. Counterclaim Defendant IndianHead Pipeline Services, LLC is a limited liability company organized under the laws of the State of Wisconsin. IndianHead Pipeline Services, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

18. Counterclaim Defendant Laney Directional Drilling Co. is a corporation organized under the laws of the State of Texas. Laney Directional Drilling Co. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

19. Counterclaim Defendant Latex Construction Co. is a corporation organized under the laws of the State of Georgia  Latex Construction Co. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

20. Counterclaim Defendant LeTourneau Products Manufacturing Corp. is a corporation organized under the laws of the State of Massachusetts. LeTourneau Products

Manufacturing Corp. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

21. Counterclaim Defendant Midwest Underground, Inc. is a corporation organized under the laws of the State of Illinois. Midwest Underground, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

22. Counterclaim Defendant Miller Pipeline LLC is a limited liability company organized under the laws of the State of Indiana. Miller Pipeline LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

23. Counterclaim Defendant Minnesota Limited, LLC is a limited liability company organized under the laws of the State of Minnesota. Minnesota Limited, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

24. Counterclaim Defendant Nationwide Pipeline Escorts of America, LLC is a limited liability company organized under the laws of the State of Georgia. Nationwide Pipeline Escorts of America, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

25. Counterclaim Defendant Northern Clearing, Inc. is a corporation organized under the laws of the State of Wisconsin. Northern Clearing, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

26. Counterclaim Defendant Otis Eastern Services, Inc. is a corporation organized under the laws of the State of New York. Otis Eastern Services, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

27. Counterclaim Defendant PE Ben USA, Inc. is a corporation organized under the laws of the State of Texas. PE Ben USA, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

28. Counterclaim Defendant Precision Pipeline, LLC is a limited liability company organized under the laws of the State of Wisconsin. Precision Pipeline, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

29. Counterclaim Defendant Price Gregory International, Inc. is a corporation organized under the laws of the State of Illinois. Price Gregory International, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

30. Counterclaim Defendant Q3 Contracting, Inc. is a corporation organized under the laws of the State of Minnesota. Q3 Contracting, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

31. Counterclaim Defendant Right-of-Way Clearing & Maintenance, Inc. is a corporation organized under the laws of the State of Pennsylvania. Right- of- Way

Clearing & Maintenance, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

32. Counterclaim Defendant R.L. Coolsaet Construction Co. is a corporation organized under the laws of the State of Michigan. R.L. Coolsaet Construction Co. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

33. Counterclaim Defendant Rodenberg Diversified, LLC is a limited liability company organized under the laws of the State of Missouri. Rodenberg Diversified, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

34. Counterclaim Defendant Schmid Pipeline Construction, Inc. is a corporation organized under the laws of the State of Wisconsin. Schmid Pipeline Construction, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

35. Counterclaim Defendant Southeast Directional Drilling, LLC is a limited liability company organized under the laws of the State of Arizona. Southeast Directional Drilling, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

36. Counterclaim Defendant Terra Restoration Services, LLC is a limited liability company organized under the laws of the State of Louisiana. Terra Restoration Services, LLC is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

37. Counterclaim Defendant T.G. Mercer Consulting Services, Inc. is a corporation organized under the laws of the State of Texas. T.G. Mercer Consulting Services, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

38. Counterclaim Defendant U.S. Pipeline, Inc. is a corporation organized under the laws of the State of Texas. U.S. Pipeline, Inc. is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

39. Counterclaim Defendant Welded Construction, LP is a limited partnership organized under the laws of the State of Delaware. Welded Construction, LP is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

40. Counterclaim Defendant Hoover Construction Company is a corporation organized under the laws of the State of Minnesota. Hoover Construction Company is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

41. Counterclaim Defendant Sheehan Pipe Line Construction Company is a corporation organized under the laws of the State of Oklahoma. Sheehan Pipe Line Construction Company is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

42. Counterclaim Defendant Snelson Companies, Inc. is a corporation organized under the laws of the State of Washington. Snelson Companies, Inc. is an "employer" and a

"party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

43. Intervening Plaintiff, the Pipe Line Contractors Association is a labor organization which represents, for the purpose of collective bargaining, certain employees of Counterclaim Defendants and employees of other employers in industries affecting interstate commerce.

## BACKGROUND INFORMATION

44. The Counterclaim Defendants and the IBT have been parties to a collective bargaining agreement known as the National Pipe Line Agreement ("NPLA"). Pursuant to that agreement, Counterclaim Defendants have been required to make contributions to the Pension Fund on behalf of certain of their covered employees. Many of the Counterclaim Defendants have also entered into Participation Agreements that require them to make contributions to the Pension Fund.

45. Counterclaim Defendants each agreed to be bound by the terms of the Pension Fund's Trust Agreement and Plan and all rules and regulations promulgated by the Pension Fund's Trustees under said Trust Agreement.

46. Under Article III, Section 7(a) of the Trust Agreement, Counterclaim Defendants are required to contribute to the Pension Fund for the "entire term" of the NPLA.

47. Under the Pension Fund's Trust Agreement, the Pension Fund's Trustees are authorized to adopt a Plan Document, and they have done so. Section 3.01(a)(6) of the Pension Fund's Plan Document ("the Plan") provides that: "A Collective Bargaining

Agreement shall be acceptable only if such agreement requires a Contributing Employer to make Employer Contributions… for the entire term of such Collective Bargaining Agreement."

48. The most recent version of the NPLA became effective on November 1, 2005, and extended, on its face, to at least January 31, 2011.

49. Throughout 2011, the IBT, the Pipe Line Contractors Association, and its members were in negotiations over a new contract and agreed to extend the NPLA during these negotiations.

50. In November 2011, and again in January 2012, the Pipe Line Contractors Association, and its members agreed to extend the NPLA.

51. Article IIIV, Section 1 of the Pension Fund Trust Agreement provides in part:

[T]he obligation to make such contributions shall continue (and cannot be retroactively reduced or eliminated) after termination of the collective bargaining agreement until the date the Fund receives a) a signed contract that eliminates or reduces the duty to contribute to the Fund or b) written notification that the Employer has lawfully implemented a proposal to withdraw from the Fund or reduce its contributions at the above-specified address. The obligation to make such contributions shall continue during periods when the collective bargaining agreement is being negotiated, but such contributions shall not be required in case of strike after contract termination, unless the parties mutually agree otherwise.

52. Between November 15, 2011 and December 29, 2011, Counterclaim Defendants sent the Pension Fund multiple letters, purporting to notify the Pension Fund that Counterclaim Defendants were terminating their participation in the Pension Fund.

53. Despite Counterclaim Defendants' purported notices of termination to the Pension Fund, Counterclaim Defendants extended the NPLA through at least June 11, 2012. Therefore, Counterclaim Defendants' obligation to contribute to the Pension Fund

continued through November 15, 2011 and the Counterclaim Defendants continue to remain obligated to contribute to the Pension Fund at the present time.

54. Nevertheless, Counterclaim Defendants stopped contributing to the Pension Fund on November 16, 2011.

55. The Pension Fund's Trust Agreement provides, at Article XIV, Section 4, that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5%

(whichever is greater), and such interest shall be compounded annually.

56. Pursuant to the dispute resolution provisions of the First Agreement, the dispute over whether the duty of the Counterclaim Defendants had terminated was presented to the Trustees at their May 2012 meeting. The Trustees determined that the Counterclaim Defendants remained obligated to contribute to the Pension Fund after November 2011. This determination is not arbitrary or capricious and is binding on the Counterclaim Defendants in the Trust Agreement.

## **STATUTORY AUTHORITY**

57. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

58. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of--
>
>     (i) interest on the unpaid contributions, or
>
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under

14

        Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

59.    Counterclaim Defendants have breached the provisions of ERISA, the NPLA, the Trust Agreement, and the Plan by failing to pay contributions (and interest due thereon) owed to the Pension Fund subsequent to November 15, 2012.

60.    Despite demands that Counterclaim Defendants perform their statutory and contractual obligations with respect to making contributions to the Pension Fund, Counterclaim Defendants have neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in Paragraph 59.

61.    The amounts owed by Counterclaim Defendants to the Pension Fund are ongoing and continue to increase month by month.

62.    Under 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to a judgment consisting of all contributions owed as of the date of the judgment, plus the greater of double interest or single interest plus liquidated damages, an award of attorneys' fees and costs, and an award of post-judgment interest at the rate set forth in the Trust Agreement.

15

**WHEREFORE**, Defendants/Counterclaim Plaintiffs request the following relief against Counterclaim Defendants:

(a) A judgment against Counterclaim Defendants in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Pension Fund;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

Date: August 2, 2012

Respectfully submitted,

*/s/ Emily E. Gleason*

Emily E. Gleason, Esq.
Illinois ARDC No. 6298395
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 518-9800, Ext. 2343
E-mail: egleason@centralstatesfunds.org

Edward H. Bogle, Esq.
Illinois ARDC No. 6277152
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 518-9800, Ext. 3469
E-mail: ebogle@centralstatesfunds.org

Timothy C. Reuter, Esq.
Illinois ARDC No. 6279373
CENTRAL STATES FUNDS LAW DEPARTMENT
9377 W. Higgins Road
Rosemont, Illinois 60018
Telephone: (847) 518-9800, Ext. 3481
E-mail: treuter@centralstatesfunds.org

Attorneys for Defendants/Counterclaim Plaintiffs