# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **Michels Corporation**, <br><br> Plaintiff, <br><br> v. <br><br> **Central States, Southeast and Southwest Areas Pension Fund**, *et al.*, <br><br> Defendants. | Case No. 12-cv-4144 <br><br> Judge Norgle |
| **Pipe Line Contractors Association**, <br><br> Intervening Plaintiff, <br><br> v. <br><br> **Central States, Southeast and Southwest Areas Pension Fund**, *et al.*, <br><br> Defendants. | **JOINT MOTION FOR ENTRY OF FINAL JUDGMENT** |
| **Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr.**, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> **Michels Corporation**, <br><br> Counterclaim Defendant | |

## JOINT MOTION FOR ENTRY OF FINAL JUDGMENT

Plaintiff/Counterclaim-Defendant Michels Corporation ("Michels") and Intervening Plaintiff Pipe Line Contractors Association (the "PLCA"), by and through their attorneys, Littler Mendelson PC and Akin Gump Strauss Hauer & Feld, LLP, hereby submit this Motion for Entry of Final Judgment on Michels' Complaint (Doc. No. 1), PLCA's Intervenor Complaint (Doc. No. 33), and the Amended Counterclaim (Doc. No. 39) filed by Defendant/Counterclaim-Plaintiff Arthur H. Bunte, Jr. ("Bunte") and Defendant/Counterclaim-Plaintiff Central States Southeast and Southwest Areas Pension Fund (the "Fund"). In support of their Motion, Michels and PLCA state as follows:

1. On March 15, 2012, Michels filed a Complaint against the Fund, Fred Gegare, Jerry Younger, George J. Westley, Charles A. Whobrey, Hoard McDougall, Bunte, Gary F. Caldwell, and Ronald DeStefano (collectively, "Defendants"). Michels sought a declaratory judgment in its favor that it is not required to contribute to the Fund after November 15, 2011, as well as an award of attorneys' fees and costs. (Doc. No. 1).

2. On July 26, 2012, the PLCA filed an Intervenor Complaint against Defendants. The PLCA sought a declaratory judgment in its favor that its members are not required to contribute to the Fund after November 15, 2011, as well as an award of attorneys' fees and costs. (Doc. No. 33).

3. On August 2, 2012, the Fund and Bunte filed an Amended Counterclaim against Michels, and many other entities that were members of the PLCA (the "PLCA Members"),seeking a judgment pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), among other remedies. (Doc. No. 39).

4. On November 13, 2012, Michels filed a Motion for Summary Judgment against

Defendants. (Doc. No. 136).

5. On January 11, 2013, the Fund and Bunte filed a Motion for Summary Judgment against Michels. (Doc. No. 152).

6. On September 26, 2013, the Court entered an Opinion and Order granting the Motion for Summary Judgment against Michels, and denying Michels's Motion for Summary Judgment against Defendants. (Doc. Nos. 172-173).

7. On October 21, 2014, the parties entered into a stipulation to dismiss the claims against the PLCA Members without prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure and the parties' agreement. (Doc. No. 218).

8. On October 30, 2014, the parties entered into a stipulation stating that "[t]he substance and effect of the Court's September 26, 2013 Order of summary judgment should be deemed to apply to PLCA as well as Michels." (Doc. No. 219).

9. On December 2, 2014, the Court entered a Final Judgment as to All Parties. (Doc. No. 221). This Final Judgment also required Michels to pay the following amounts by December 8, 2014: (1) principal contributions amount of $895,565.48; and (2) combined interest and statutory damages in the amount of $336,670.96. (*Id.*).

10. On December 4, 2014, the Court entered a second Final Judgment as to All Parties. (Doc. No. 222). These two judgments are substantively identical, and the December 4, 2014 judgment simply contains the corrected caption.

11. Michels paid the amounts that were awarded in Paragraph 8 pursuant to the Final Judgment.

12. On December 16, 2014, PLCA filed a timely notice of appeal from the final judgments to the United States Court of Appeals for the Seventh Circuit. (Doc. No. 223).

13. On December 17, 2014, Michels filed a timely notice of appeal from the final judgments to the Seventh Circuit. (Doc. No. 227).

14. On September 2, 2015, the Seventh Circuit entered an Opinion reversing the Court's judgment in favor of the Fund. (Doc. No. 242). In part, the Opinion stated that

> the collective bargaining agreement between PLCA and the Union expired in accordance with its terms on January 31, 2011. Until November of that year, it was followed by a series of separate agreements, each of which carried the terms of the expired CBA forward. In November, the parties exercised their right to change the term before us now: the duty to contribute to the Fund. They properly notified the Fund in writing of this prospective change.

Opinion at 19.

15. On September 24, 2015, the Seventh Circuit issued its mandate to this Court. (Doc. No. 241).

16. As an appellate court, the Seventh Circuit did not have jurisdiction to enter final judgment in favor of Michels or PLCA. *See* 28 U.S.C. § 2106 ("The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may *remand the cause and direct the entry of such appropriate judgment*, decree, or order . . . as may be just under the circumstances." (emphasis added)); *Swaback v. American Info. Techs. Corp.*, 103 F.3d 535, 544 (7th Cir. Ill. 1996) ("[A]ppellate courts, when reversing a grant of summary judgment, typically do not *direct the district court* to enter summary judgment in favor of the appellant," but they are free to do so "in instances in which the facts and law establish that the appellant is entitled to judgment as a matter of law" (emphasis added)).

17. There are no remaining factual or legal issues in dispute as to Michels obligation to contribute to the Fund after November 15, 2011.

18. There are no remaining factual or legal issues in dispute as to the obligations of

the PLCA Members to contribute to the Fund after November 15, 2011.

19. Michels incorporates by reference its November 13, 2012 Motion for Summary Judgment against Defendants (Doc. No. 136), as well as its pleadings and submissions in support of same (Doc. Nos. 137-139; 158-161; 166), as if fully set forth herein.

WHEREFORE, Michels and the PLCA respectfully requests that this Court:

(i) enter summary judgment in favor of Michels on its claim for declaratory judgment;

(ii) enter summary judgment in favor of the PLCA on its claim for declaratory judgment;

(iii) enter a final judgment in this case by issuing a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Michels is not required to contribute to the Fund after November 15, 2011;

(iv) enter a final judgment in this case by issuing a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the PLCA Members are not required to contribute to the Fund after November 15, 2011;

(v) convert the October 21, 2014 stipulation of dismissal without prejudice as to the PLCA Members into a dismissal on the merits with prejudice; and

(vi) order the Fund to pay the following amounts within fourteen (14) days of the entry of Final Judgment: (1) the $1,232,236.40 that was paid by Michels to the Fund on December 8, 2014; and (2) $92,417.77 in 7.5% interest on the $1,232,236.40 that was paid to the Fund by Michels on December 8, 2014.

A proposed order for the Court's consideration and usage is attached hereto as Exhibit A.

Dated: November 25, 2015    Respectfully submitted,

                                                /s/ Elizabeth Cyr
                                 Elizabeth Cyr, Counsel of Record
                                 (admitted *pro hac vice*)
                                 AKIN GUMP STRAUSS HAUER & FELD, LLP

1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: 202.887.4518
Facsimile: 202.778.4288
E-mail: ecyr@akingump.com

Robert Stephen Driscoll
WI State Bar ID No. 1071461
REINHART BOERNER VAN DEUREN S.C.
1000 North Water Street
Suite 1700
Milwaukee, WI 53202
Telephone: 414.298.8272
Facsimile: 414.298.8097
E-mail: rdriscol@reinhartlaw.com

***Attorneys for Pipe Line Contractors Association***

/s/ Susan K. Hoffman
Susan K. Hoffman, Counsel of Record
LITTLER MENDELSON. PC
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
267.402.3015

David K. Haase
Michael G. Congiu
LITTLER MENDELSON, P.C.
A Professional Corporation
321 North Clark Street, Suite 1000
Chicago, IL 60654
312.372.5520

***Attorneys for Michels Corporation***

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Michels Corporation**,<br><br>Plaintiff,<br><br>v.<br><br>**Central States, Southeast and Southwest Areas Pension Fund**, *et al.*,<br><br>Defendants. | Case No. 12-cv-4144<br><br>Judge Norgle |
| **Pipe Line Contractors Association**,<br><br>Intervening Plaintiff,<br><br>v.<br><br>**Central States, Southeast and Southwest Areas Pension Fund**, *et al.*,<br><br>Defendants. | **FINAL JUDGMENT** |
| **Central States, Southeast and Southwest Areas Pension Fund, and Arthur H. Bunte, Jr.**,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>**Michels Corporation**,<br><br>Counterclaim Defendant | |

## FINAL JUDGMENT

In the above-captioned matter, the Court now finds as follows:

(i) Summary judgment is entered in favor of Michels on its claim for declaratory judgment;

(ii) Summary judgment is entered in favor of the PLCA on its claim for declaratory judgment;

(iii) A declaratory judgment pursuant to 28 U.S.C. § 2201(a) is entered that Michels was not required to contribute to the Fund after November 15, 2011;

(iv) A declaratory judgment pursuant to 28 U.S.C. § 2201(a) is entered that the PLCA Members were not required to contribute to the Fund after November 15, 2011;

(v) The October 21, 2014 stipulation of dismissal without prejudice as to the PLCA Members is hereby converted into a dismissal with prejudice; and

(vi) The Fund is ordered to pay the following amounts within fourteen (14) days of the entry of this Final Judgment: (1) the $1,232,236.40 that was paid by Michels to the Fund on December 8, 2014; and (2) $92,417.77 in 7.5% interest on the $1,232,236.40 that was paid to the Fund by Michels on December 8, 2014

It is so ORDERED and ADJUDGED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

Date: November \_\_, 2015

## **CERTIFICATE OF SERVICE**

      I, Elizabeth Cyr, an attorney, hereby certify that on November 25, 2015, I electronically filed the Pipe Line Contractor Association's Motion for Entry of Judgment using the CM/ECF filing which will send such notification to the attorneys of record in the above-captioned litigation.

                                                           /s/ Elizabeth Cyr
                                                              Elizabeth Cyr